# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION



FILED
'97 JUN 18 PM 12:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **DOWDLE BUTANE GAS COMPANY, INC.**, | ] | |
| Plaintiff(s), | ] | |
| | ] | CV-96-N-3285-W |
| vs. | ] | |
| **CORA L. JONES**, | ] | |
| Defendant(s). | ] | |
| **CORA L. JONES**, | ] | |
| Plaintiff, | ] | |
| vs. | ] | CV-96-N-3286-W |
| **DOWDLE BUTANE GAS COMPANY, INC.**, | ] | |
| Defendant(s). | ] | |

ENTERED
JUN 18 1997

### Memorandum of Decision

In these consolidated actions, the court has for consideration the motions of Cora L. Jones to dismiss in CV-96-N-3285-W and to remand the action to state court in CV-96-N-3286-W. The motions have been fully briefed, submitted, and are ripe for decision. The motions will be granted.

In *Jones v. Dowdle Butane Gas Company, Inc.*, CV-96-N-3286-W, originally filed in the Circuit Court of Fayette County, Alabama, and removed to this court, Ms. Jones seeks, on behalf of herself and the class she purports to represent, damages based upon Dowdle's alleged violations of Alabama's so-called "mini-code" and Alabama tort claims

for fraud and suppression. In Count One of her complaint, Ms. Jones asserts that Dowdle, contrary to Alabama law, and in connection with the sale of certain consumer goods, improperly included the cost of an extended service contract in the amount financed instead of including it as a part of the finance charges. She seeks the damages "provided in section 5-19-19 of the Code of Alabama (1975)." In Counts Two and Three, she seeks compensatory damages only for Dowdle's alleged misrepresentation and failure to disclose material facts in connection with the sale of the extended service contract. The plaintiff specifically purports to limit the claim of herself and of every putative class member to compensatory damages of less than $50,000. She also purports to disavow, on behalf of herself and every class member, any claim to punitive damages, attorney fees, and injunctive relief.[1]

In *Dowdle Butane Gas Company, Inc. v. Cora L. Jones*, CV-96-N-3285, Dowdle alleges that the service contract about which Ms. Jones complains contains an agreement to arbitrate any claims arising out of that contract and seeks an order to compel Ms. Jones to arbitrate her individual claims.

---

[1] That Ms. Jones carefully, deliberately, and intentionally crafted her complaint to avoid any possibility of federal jurisdiction is made abundantly clear by reference to paragraph 5 of the complaint, where she states:

> 5. The claims in this action are founded exclusively upon the statutory and common law of the State of Alabama, particularly sections 5-19-1 and 5-19-20 of the CODE OF ALABAMA (1975) as same existed prior to May 20, 1996, and statutory and common law fraud. There are no federal claims asserted herein and no right of recovery by the plaintiff or any member of the plaintiff class depends on application or interpretation of any federal statute. **Plaintiffs seek compensatory damages only and seek compensatory damages in an amount less than $50,000 per class member; plaintiffs do not seek punitive damages on behalf of any member of the class.** The amount in controversy in this action as to any individual plaintiff is less than $50,000.00. (Emphasis in original.)

2

In removing Ms. Jones's state-filed action to this court and in filing its own independent action to compel arbitration, *Dowdle* relies on 28 U.S.C. § 1332, diversity of citizenship, as a basis of federal jurisdiction.[2] Both the motion to dismiss *Dowdle's* action and the motion to remand are predicated upon the ground that there is not in controversy the sum of $50,000 or more.

In an order entered on February 24, 1997, the court expressed considerable doubt regarding the authority of plaintiff's counsel in a putative class action to limit the claims of absent class members in an effort to avoid federal court jurisdiction and directed counsel to file briefs directed to that issue.

The right of a defendant to remove a case from state to federal court is one created by statute and as such must be narrowly construed in favor of jurisdiction remaining in the state court. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 76 (1941); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L.Ed. 1214 (1941). As this court has said before, "A due respect for state sovereignty and the independence of state courts demands that the federal courts exercise their right to remove cases properly before state courts only in strict conformity with the removal authority

---

[2] At times material to the issues under consideration, section 1332 provided in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;
   (2) citizens of a State and citizens or subjects of a foreign state;
   (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
   (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

3

granted by Congress. *Ashley v. Southwestern Bell Tel. Co.,* 410 F. Supp. 1389 (W.D. Tex. 1976). Doubts concerning removability are to be resolved against removal and in favor of remand. *Green v. Mutual of Omaha,* 550 F. Supp. 815 (N.D. Cal. 1982)." *Alabama Dept. Of Environmental Mgmnt. v. Southern Clay & Energy,* 717 F. Supp. 80, 81-82 (N.D. Ala. 1990). The Court of Appeals for the Eleventh Circuit has stated:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391 & n. 7, 107 S. Ct. 2425, 2429 & n. 7, 96 L. Ed. 2d 318 (1987); *Great Northern R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S. Ct. 237, 239, 62 L.Ed. 713 (1918); *Gafford v. General Electric,* 997 F.2d 150 (6th Cir. 1993); *see also, Insigna v. LaBella,* 845 F.2d 249, 253-54 (11th Cir. 1988); *Lane v. Champion Int'l Corp.,* 844 F. Supp. 724, 731 (S.D.Ala. 1994); see generally, Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy"); see also, *St. Paul's,* 303 U.S. at 294, 58 S. Ct. at 592. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. *See Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3rd Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046 (1991); *see also Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir. 1983) (when defendant removes alleging nondiverse defendant was joined to defeat diversity, if there is chance plaintiff will recover against non-diverse defendant, case should be remanded).

*Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).[3] The *Burns* court held that to avoid remand, the defendants "must prove to a legal certainty that plaintiff's claim *must* exceed $50,000." (Emphasis supplied.) Furthermore, the plaintiff is "the master of his own

---

[3] The defendant argues that because the plaintiff has not asserted a claim for a specific sum that it is required to prove the jurisdictional amount by only a preponderance of the evidence. The court disagrees. The damages cap imposed upon herself by the plaintiff is the functional equivalent of having stated a claim for a specific amount.

complaint" and when the "plaintiff's claim . . . is specific and in a pleading signed by a lawyer, [it] deserves deference and a presumption of truth." *Burns*, 31 F.3d at 1095. The named plaintiff here has explicitly and unequivocally disavowed any claim to any amount of damages, both compensatory and punitive, which would be sufficient to meet the amount-in-controversy requirement of 28 U.S.C. § 1332. It is far from a "legal certainty" that each individual claim is worth more than $50,000.[4]

The question regarding whether the named plaintiff in an uncertified class action may avoid federal court jurisdiction by limiting the claims of absent class members was raised by the court on its own motion. Now having carefully considered the arguments of counsel, the views of other members of this and other courts, and its own previously stated views, the court is now firmly of the opinion that she may do so. The court finds particularly persuasive the arguments made by plaintiff's counsel in their reply brief. The court's doubts as expressed in the order of February 24 notwithstanding, it is reasonably clear that the plaintiff, in her representative capacity, is authorized, subject to supervision by a court of competent jurisdiction, to make decisions regarding the litigation including what claims to assert, the amount of damages to claim, and the appropriate venue.

---

[4] The defendant argues in brief that despite the plaintiff's clear and unequivocal disavowal of any claim to any amount over $50,000 the claims of the named plaintiff and of absent class members is, in fact, for more than the requisite jurisdictional amount. They refer the court to opinions rendered by Judges Pointer and Hancock for the general proposition that damages claims made in separate counts of a complaint are aggregated to determine the correct amount in controversy as between the parties. Those opinions do not demonstrate the presence of the clear, absolute, and unequivocal limitation of damages claims that is present in this case. Here, the plaintiff has made clear that the total claim for any plaintiff does not and cannot exceed $50,000. For that reason, this case is different from the cases decided by Judges Pointer and Hancock.

Because the plaintiff has limited her own claim to less than $50,000, which she clearly has the right to do, this court lacks jurisdiction of *Dowdle's* claim to compel arbitration.

The court will enter a separate order remanding CV-96-N-3286-W to the Circuit Court of Fayette County, Alabama and dismissing CV-96-N-3285-W for want of jurisdiction.

Done, this 18th day of June, 1997.

                                                                    _____
                                                                    EDWIN L. NELSON
                                                                    UNITED STATES DISTRICT JUDGE